THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SHAFTER F. PORTER, Defendant.

County Court, Kings County, July 3, 1962.

*Edward S. Silver, District Attorney (William I. Siegel* of counsel), for plaintiff. *Shafter F. Porter,* defendant in person.

HYMAN BARSHAY, J. This is an application in the nature of a writ of error *coram nobis* to vacate and set aside a judgment dated May 22, 1956, convicting the defendant, on his own plea of guilty, of murder in the second degree and sentencing him to a term of not less than 20 years to life in State prison. On September 29, 1955, the defendant pleaded not guilty to an indictment charging him with murder in the first degree. On November 21, 1955, on motion of assigned defense counsel, the defendant was committed to the Kings County Hospital for psychiatric observation. On January 9, 1956, the psychiatrists at the hospital reported the defendant sane and capable of understanding the charges against him, the proceedings against him and of making his defense. The court confirmed the report on motion of defense counsel. On March 15, 1956, the defendant, in the presence of his counsel, withdrew his plea of not guilty and pleaded guilty to the crime of murder in the second degree. He was thereafter sentenced as indicated above. The defendant did not appeal from the judgment of conviction. He made several motions to be furnished, gratis, the minutes of all proceedings had in his case. Each such motion was denied. He then moved by way of *coram nobis* to vacate and set aside the aforesaid judgment of conviction; that motion was denied (N. Y. L. J., March 15, 1962, p. 15, col. 4). In the instant application, he alleges for the very first time that he suffered an epileptic attack several hours before he entered his plea of guilty and consequently at the time of pleading guilty, he was in a state of temporary insanity which prevented him from understanding the nature of his act. This allegation is unsupported by any proof, medical or otherwise or by any affidavit of anyone else. Neither the defendant nor his counsel at the time of the entry

of the plea of guilty or on the day of sentence called the court's attention to the fact that the defendant had suffered an epileptic attack, as the defendant now, five years later, claims. The application is, therefore, denied without a hearing.